

DA 11-0550

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 270N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

MICHAEL EARL MOORE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-11-1
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Sarah Chase Rosario, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Keif Storrar, Legal Intern, Helena, Montana

                William Fulbright, Ravalli County Attorney, Angela Wetzsteon, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  September 26, 2012

Decided:  November 21, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Moore was charged with a second driving under the influence (DUI) offense after Ravalli County officers discovered him sleeping or unconscious in his truck at a remote location in Ravalli County. Subsequently, he was found guilty by the Ravalli County Justice Court. He appealed to the Twenty-First Judicial District Court. Following a bench trial, he was convicted and sentenced to 180 days in the Ravalli County Detention Center with 175 days suspended, and assessed a fine of $1,000 with $400 suspended, and various other fees and conditions. Moore filed a timely appeal and his sentence was stayed pending appeal.

¶3 On appeal, Moore's singular argument is that the District Court did not have sufficient evidence to determine beyond a reasonable doubt that Moore was "in actual physical control [of his vehicle] *at the same time that he was* under the influence of alcohol." (Emphasis in original.) He asserts that because the key was not in the ignition of his truck nor was the key on his person at the time he was approached by the officer, he was not in "actual physical control" and therefore could not be found guilty of DUI. We review a question on the sufficiency of the evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational

2

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Booth*, 2012 MT 40, ¶ 7, 364 Mont. 190, 272 P.3d 89.

¶4    At trial, Ravalli County Deputy Guisinger testified that he responded to a dispatch call that an unresponsive male was sitting in a truck at an intersection in a remote location in Ravalli County.  Upon arriving at the reported location, Guisinger discovered Moore asleep or passed out in his vehicle on the side of the road.  After awakening Moore, the officer detected alcohol on Moore's breath, and noticed that Moore's eyes were bloodshot and watery and Moore's speech was slurred and incomprehensible.  Guisinger questioned Moore about whether he had been drinking and how he arrived at the location where he was parked.  Moore told Guisinger he had driven to see his mother but upon discovering she was not at home, he left, and later pulled his vehicle over to sleep awhile.  When furthered questioned, however, Moore appeared confused and had difficulty remembering where his mother lived.

¶5    In response to Guisinger's questions about drinking, Moore told Guisinger he had consumed a few beers a few hours earlier.  Guisinger noted there were no empty beer cans or other alcohol containers in or around Moore's vehicle, nor was Moore parked in the vicinity of a bar or package/convenience store.  Moore agreed to perform standard field sobriety tests but performed poorly.  Guisinger arrested Moore for DUI. The officer did not search Moore's vehicle either before or after the arrest to determine the location of the ignition key.

3

¶6 On appeal, the State again presents these facts and asserts that this evidence, viewed in the light most favorable to the State, is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Moore was guilty of the charge of DUI.

¶7 Section 61-8-401(1)(a), MCA, provides that it is unlawful for "a person who is under the influence of alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public."

¶8 Moore's argument that he was not in possession of the ignition keys and therefore had no ability to control the vehicle is unpersuasive. Moore admitted to driving to the location where he was discovered; he admitted that he did not have time to dispose of the keys at the time Guisinger awakened him; and he did not allege that someone else had driven him or that someone took his keys after he arrived. He claims he "took actions to ensure the keys were outside his possession." While it is undisputed that Guisinger did not search the vehicle, it defies logic that the ignition keys were somewhere other than in the vehicle which Moore had driven to the location where he was arrested. The District Court did not err in paying no heed to this argument. The direct and circumstantial evidence of intoxication at the time of the arrest is reasonable and sufficient evidence to support a conviction of DUI.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.

4

/S/ PATRICIA COTTER


We concur:


/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ BRIAN MORRIS